By the Court,

Savage, Ch. J.
We are called upon to decide whether the relator or the defendant is entitled to hold the office of register of the city of New-York. To understand the claim of each, it is necessary to state, that in November, 1828, Thomas Franklin was elected to the office of register to hold for three years, commencing on the first of January, 1829. Of course his term would expire on the 31st December, 1831. In April, 1830, Mr. Franklin died, and in November following, Mr. Coutant was elected ; and the question now to be decided, is, whether he was then elected for three years, or for One year, to wit, for the period during which Mr. Franklin would have held, had he lived. It seems that doubts were entertained in November, 1831, as to the period when Mr. Coutant’s office would expire, and he was then again elected. If, at his first election, he took the office for three years, his term expired in December last, and his second election was void ; if however, his first election only gave him the office for the residue of the three years, for which Mr. Franldin would have held had he lived, then his second- election *135 was valid, and his term of office will not expire until December next. The whole depends upon the effect of his first election.
The clause of the constitution which limits the term of this office, is as follows : “ Sheriffs and clerks of counties, including the register and clerk of the city and county of New-York, shall be chosen by the electors of the respective counties, once in every three years, and as often as vacancies shall happen.” “ And the governor may remove any such sheriff, clerk or register, at any time within the three years for which *he shall be elected, giving to such sheriff, clerk or register a copy of the charge against him, and an opportunity of being heard in his defence, before any removal shall be made.” Constitution, art. 4, § 8. This section is the only provision on the subject to be found in the constitution, and the only term of office is three years. There shall be an election once in three years, and oftener in case a vacancy happens before the end of the three years; but there is nothing in the constitution making any difference as to the term for which the office shall be held, whether the officer be elected at one time or another. Every election is to supply a vacancy, either actual at the time of the election, or anticipated. The governor may remove within the three years; no other term is mentioned in the constitution. Taking this .whole section together, the substance is the same as if it read thus : “ Every person elected sheriff, clerk or register, shall hold his office for three years, unless sooner removed by the governor.” If such had been the phraseology, there could have been no room for doubt. I think there is as little now. The constitution declares, that “ every person appointed a justice of the peace shall hold his office for four years, unless removed,” &c. And under this section of the constitution, it has been adjudged that it is not within the power of the legislature to shorten the constitutional term of the office of a justice of the peace. 6 Cowen, 642. 1 id. 550. The section now under consideration received a construction in the case of The People v. Green, 2 Wendell, 266. The only difference between that case and this is, that that was the case of a sheriff, and the present the case of a register. They are both embraced in the same section of the constitution; the term of office the same, the election the same, and removal the same. The constitution was fully considered in that case, and also the revised statutes regulating elections ; and after full argument and examination, this court decided that every person elected to the office of sheriff, takes it for three years. For the same reasons, every person elected register takes the office for three years. It is quite immaterial whether the vacancy which he is elected to fill is occasioned by the death or removal of the former incumbent, or the expiration of his term.
It is unnecessary to discuss the question at ^greater length. This case depends upon the same principles with the case of The People v. Green. The constitution and the revised statutes were there considered, and we then came to the conclusion that the legislature, in the revised statutes, did not intend to create a short term of office, being the unexpired term of a deceased incumbent, as seems to have been intended in 1823. I have only now to add, that if such was the intention of the legislature, such provision is in violation of the constitution, and therefore must be declared inoperative and void.
The relator is entitled to judgment.